IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN PATRICK SCHRAMMECK,<br><br>Defendant. | CR 16–03–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Sean Patrick Schrammeck's Motion for Early Termination of Supervised Release. (Doc. 48.) Mr. Schrammeck was adjudged guilty of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1). (Doc. 32 at 1.) On June 30, 2016, Mr. Schrammeck was sentenced to a term of imprisonment of 60 months and one day with 5 years of supervised release to follow. (*Id.* at 2–3.) Mr. Schrammeck completed his term of imprisonment on March 11, 2019, after completing RDAP. (Doc. 49 at 2, 4.) As of February 13, 2023, he completed nearly four years of his five-year term of supervised release. (*Id.*) He now seeks termination of the remaining term of supervised release. (Doc. 48.) The United States does not oppose. (*Id.* at 1.) The United States Probation Office takes a neutral position with respect to Mr. Schrammeck's early termination of supervision. (*Id.*)

1

> Under federal law, this Court may:
>
> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Schrammeck began his term of supervised release on March 22, 2019 (Doc. 49 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Schrammeck's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Schrammeck waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Schrammeck's supervised release is obviously favorable to him, and the United States did not object. (Doc. 83.) Accordingly, the Court will dispose of this matter without a hearing.

protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Schrammeck's remaining term of supervised release. Mr. Schrammeck served his full term of imprisonment and has had a handful of minor violations—methamphetamine use, for which he requested treatment; missing two urinalysis tests; admitting to alcohol use; and receiving a traffic citation—during his nearly four years of supervised release. (Doc. 49 at 2–3.) His supervised release has never been revoked. He availed himself of treatment and self-help groups in prison, continues to attend Narcotics Anonymous three to four times per week, worked and attended trade school while living in a halfway house, and he has been employed as a carpenter since April 2019. (*Id.* at 4.) He is raising his two-year-old son as a single father and provides support to his disabled sister. (*Id.*) He recently paid off his back child support. (*Id.*) The letters filed in support of his

motion demonstrate that he has built positive relationships with his older children and his brother, he is an extraordinary employee, and he has demonstrated his sincere commitment to rehabilitation and sobriety to all who wrote letters in support of him.  (Docs. 50-1–50-4.)  His letter to the Court likewise reflects the insight he has gained from his participation in RDAP, Narcotics Anonymous, and other programs and his sincere commitment to maintaining his sobriety, which thus far has granted him impressive tangible benefits of maintaining steady employment, paying off significant child support debt, and attaining an impressive credit score.  (Doc. 50-5.)  The Court agrees with Mr. Schrammeck that he has paid his debt to society and has become a valued, productive member of his community.  (*Id.*)  The Court concludes that the § 3553(a) factors support early termination of his term of supervised release.  The Court wishes Mr. Schrammeck the best of luck.

    Accordingly, IT IS ORDERED that the motion (Doc. 48) is GRANTED.

    IT IS FURTHER ORDERED that Mr. Schrammeck's remaining term of supervised release is TERMINATED as of the date of this Order.

    The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 1st day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court